## NYE v BD. OF CO. COMMISSIONERS OF SUMMIT CO.

Ohio Appeals, 9th Dist, Summit Co.

No. 3064. Decided Nov. 23, 1938.

McKeehan, Merrick, Arter & Stewart, Cleveland, for appellee.

Alva J. Russell, Pros. Atty., Akron, and W. A. Spencer, Asst. Pros. Atty., Akron, for appellant.

## OPINION

By WASHBURN, J.

This is an appeal on questions of law by the county commissioners of Summit County, seeking to have reversed the judgment of the Probate Court ordering the county commissioners to pay from the dog and kennel fund a claim of Margaret Fretter Nye for damages to sheep caused by dogs—said sheep being on her farm and her farm being in a municipality, the limits of which municipality were identical with those of the township.

Under the provsions of §3512, GC, the offices of the township were abolished and the duties thereof were imposed upon "corresponding officers" of said municipality.

No claim of illegality is made except that the claim for damages was not presented to and passed upon by trustees as provided for in §5840, GC.

The claimant did "everything which is required to be done by the statutes governing such cases" except that the claim was presented to the council of the municipality—there being no township trustees in said township.

Immediately after the loss occurred, the county dog warden, acting under authority from the commissioners, investigated the circumstances of the loss; and the council, exercising the duties of the succeeded trustees of the township, approved said claim and duly reported the same to the commissioners, and the commissioners rejected said claim upon the sole ground of lack of authority to pay such claim.

The Probate Court decided that such claim was a proper charge upon the dog and kennel fund, and certified its finding and judgment to the commissioners. Such finding is final and binding upon the commissioners. §5849, GC.

"Every person who owns, keeps or harbors a dog" is required to contribute to said fund (§5652, GC), and "any owner" of an animal (§5840, GC) killed by a dog is entitled to be paid for such loss out of said fund (§5652-13, GC).

The benefit of such fund is not limited to residents of townships outside of municipalities. Where there is a municipality, the territory of which does not include the whole township, the township government exists, and land in the municipality is also in the township and is subject to township taxes; and the owners of dogs in the municipalities are required to contribute to the dog and kennel fund and are entitled to the benefits thereof.

We hold that where animals are killed by dogs in a municipality where the office of township trustees has been abolished, and the duties thereof are required to be performed by the officers of the municipality, and the claim for such loss has been duly presented to, approved, and certified by the council of the municipality performing the duties of township trustees, it is the duty of the county commissioners to examine such claim and comply with §5846, GC; and if the commissioners reject the claim on the sole ground that the claim was not presented to nonexistent trustees of the township, and an appeal to the Probate Court under §5849, GC, is perfected, such court has authority to determine

the amount and allow such claim and certify its finding to the commissioners, and thereupon it is the duty of the commissioners to take action as to the payment of said claim, the same "as if such amount had been found by the commissioners in the first instance." §5849, GC.

Judgment affirmed.

STEVENS, PJ. & DOYLE, J., concur.